**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 97-4490**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD GENE SWANN,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Sr., District Judge.  (CR-96-172)

―――――――――

Submitted:  August 31, 1998          Decided:  October 7, 1998

―――――――――

Before NIEMEYER, HAMILTON, and MICHAEL, Circuit Judges.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Walter C. Holton, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald Gene Swann appeals his conviction and sentence for possession with intent to distribute crack cocaine. See 21 U.S.C. § 841(a)(1) (1994). Swann noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, at Swann's request, counsel suggested that the district court erred in the extent of its downward departure under the U.S. Sentencing Guidelines Manual § 5K1.1 (Nov. 1996). Despite being informed of his right to do so, Swann failed to file a supplemental brief. Because we find the one issue raised in this appeal to be without merit and can discern no other error on this record, we affirm Swann's conviction and sentence.

Despite the fact that Swann was subject to a statutory minimum sentence of ten years, the Government filed a motion for a downward departure based on Swann's substantial assistance. See USSG § 5K1.1. On that motion, the district court imposed a term of imprisonment of only 49 months, less than half of the statutory minimum. See United States v. Patterson, 38 F.3d 139, 146 n.8 (4th Cir. 1994). Despite this significant departure, Swann takes issue with the extent of the downward departure, contending that it should have been greater than 71 months he received. This court lacks jurisdiction to consider the extent of the district court's

2

departure. <u>See</u> <u>United States v. Hill</u>, 70 F.3d 321, 324 (4th Cir. 1995). As a result, we must dismiss this appeal.

As required by <u>Anders</u>, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and concluded that there are no nonfrivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. Consequently, counsel's motion to withdraw is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>DISMISSED</u>